WILDER, Plaintiff-Appellant, v MARTIN, et., Defendants-Appellees.

Ohio Appeals, First District, Clinton County.

No. 157. Decided April 30, 1948.

**606**

August A. Rendigs, Smith & Kirk, Wilmington, for plaintiff-appellant.

Stanley & Stanley, G. L. Schilling, Wilmington, for defendants-appellees.

## OPINION

By ROSS, J.:

A motion to dismiss the appeal upon questions of, law having been filed, the jurisdiction of this Court to entertain such appeal is first considered.

The appeal was addressed to the action of the trial court overruling two motions made by plaintiff after judgment in a proceeding in aid of execution.

The first motion is in the following terms:

"Comes now the plaintiff and moves the court for an order directing the defendant A. B. Martin to deliver his passenger automobile, to-wit, his 1942 Chevrolet Sedan, to the sheriff of this county, to be by said sheriff sold as on execution and the proceeds thereof applied toward the satisfaction of plaintiff's judgment."

The second motion is:

"Comes now the plaintiff and moves the court for an order directing the defendant George I. Martin, made party to this proceeding, to pay to the plaintiff to be applied toward the satisfaction of plaintiff's judgment against the defendant A. B. Martin, the sum of $1000.00 received by said defendant George I. Martin from the defendant to this proceeding Sarah E. Martin in October of 1946 and the further sum of $3000.00 allegedly borrowed from said defendant Sarah E. Martin by said defendant George I. Martin during the summer of 1946."

These motions were, therefore, made in a special proceeding and in an action after judgment.

At the time of the adoption of the 1912 and 1944 Amendments to **Art. IV, Section 6 of the Ohio Constitution,** it was provided by statute that an order affecting a substantial right made in a special proceeding, or upon a summary application in an action after judgment, is a final order. See: R. S. 6707; §12258 GC, repealed; §12223-2 GC.

The Supreme Court has repeatedly held that orders considered final at the time of the adoption of the amendments to this section of Art. IV are to be considered the equivalent of "judgments." See: **Chandler & Taylor Co. v Southern Pacific Co., 104 Oh St, 188, 190, 193; Cincinnati Polyclinic v Balch, 92 Oh St, 415.** The 1944 amendment specifically mentions "final orders."

The orders made upon these motions certainly affected substantial rights of the parties, and were made in a special proceeding and after judgment in an action.

In **Wilson v Columbia Casualty Co., 118 Oh St, 319,** it is held:

"Under §11769 and 11781 GC, upon an examination of a judgment debtor after execution issues, if it is shown to the satisfaction of the court of common pleas, or a judge thereof, or a probate judge, of the county in which the debtor is found, that the judgment debtor has property which he unjustly refuses to apply toward the satisfaction of the judgment, such court or judge may order any property of the judgment debtor, or money due him, not exempt by law, in the hands either of himself or other person or of a corporation, to be applied toward the satisfaction of the judgment. The fact that such property belonging to and in the absolute control and disposition of the judgment debtor is in the hands of a person not residing in this state does not defeat the jurisdiction of the court to make such order upon the judgment debtor of whose person the court has jurisdiction.

"When an order in aid of execution has been made, commanding a judgment debtor to apply to the payment of a judgment money belonging to him and under his absolute control and disposition, which he has received and wrongfully and fraudulently sent out of the state with intent to prevent the same being applied on such judgment, and the judgment debtor has not exercised due diligence to comply with such order in aid of execution, the court may order him confined for contempt of court until he complies with such order."

**Sec. 11781 GC,** provides

"The judgment may order any property of the judgment debtor or money due to him, not exempt by law in the hands

either or himself or other person or of a corporation, to be applied toward the satisfaction of the judgment, but the earnings of the debtor for his personal services, within thirty days next preceding the order shall be applied only in accordance with the provisions of §§11725 and 11728-1 GC."

If the debtor or others had property under their control which was subject to execution, the orders should have been made pursuant to the tenor of the motions. The overruling of such motions constituted final orders, equivalent to judgments within the terms of **Art. IV, Section 6 of the Constitution,** and appeals upon questions of law from these orders were properly filed.

The motion to dismiss the appeal is overruled.

This appeal does not involve the question of the duty of the alleged garnishee to respond to the order, or what relief the plaintiff may have upon his refusal to so respond. The question now presented is, whether the trial court, in view of the evidence presented to him, committed error, prejudicial to the plaintiff in refusing to make the orders.

As to the first motion there is ample evidence requiring an order to the defendant to deliver his automobile to the Sheriff. As far as the record is concerned, there is nothing to indicate it is not in his possession. This order should have been granted. The Court in its entry refers to an affidavit of the sheriff. Such affidavit is not made a part of the Bill of Exceptions, although such an affidavit appears among the original papers.

The action of the trial court upon such first motion is reversed and the cause remanded to the Common Pleas Court of Clinton County for further proceedings in accordance with law.

As to the second motion, the evidence is in conflict as to whether George Martin has or has not property of the defendant which may be reached by order of garnishment. In such state of the record, the trial court could not make an order on such garnishee to deliver. The plaintiff is relegated to an independent action, by which sequestered property of the judgment debtor may be reached.

The trial court properly overruled such motion.

Entries may be presented accordingly.

MATTHEWS, PJ, ROSS & HILDEBRANT, JJ, concur in syllabus, opinion & judgment.